IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kemuel Cornelius Mingo, | C/A No. 9:20-0010-JD-MHC |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| M. Travis Bragg, Warde, F.C.I. Bennettsville, | |
| Respondent. | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Molly Cherry, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Plaintiff brought this *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (DE 1.) On April 9, 2020, Respondent filed a Motion to Dismiss. (DE 13.) Because Petitioner is proceeding *pro se*, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion to Dismiss could result in the Motion being granted and this case being dismissed. (DE 14.) Petitioner filed his Response in Opposition on May 13, 2020. (DE 16.) Respondent filed a Reply on May 20, 2020. (DE 17.)

On July 28, 2020, Magistrate Judge Molly Cherry issued a Report and Recommendation, recommending that Defendant's Motion to Dismiss be granted and that the Petition for Writ of

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Habeas Corpus be dismissed. For the reasons stated below, the Court adopts the Magistrate Judge's Report and Recommendation and grants Respondent's Motion to Dismiss.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On January 1, 2020, Petitioner, a federal prisoner, filed Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, alleging the Bureau of Prisons (BOP) failed to properly calculate his Good Conduct Time (GCT) credit under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Respondents filed a Motion to Dismiss on April 9, 2020, asserting that Petitioner's claim is moot because during the pendency of the instant action, Petitioner's sentence computation was updated, and his GCT was recalculated pursuant to the First Step Act. Petitioner's new projected release date, with consideration for GCT, is September 30, 2026, as opposed to February 15, 2027, as previously calculated. Petitioner filed his Response in Opposition to Respondent's Motion to Dismiss on May 13, 2020. (DE 16.) Respondent filed a Reply on May 20, 2020. (DE 17.)

On July 28, 2020, the Magistrate Judge issued a Report and Recommendation, recommending that Defendant's Motion to Dismiss be granted and that the Petition for Writ of Habeas Corpus be dismissed. Petitioner filed objections to the Report and Recommendation alleging, *inter alia*, that although Petitioner's release date has been updated it does not state that it was updated pursuant to the First Step Act and that Petitioner should be released immediately or to a halfway house. (Obj. p. 6-9, DE 31.) This matter is now ripe for review.

## II.     DISCUSSION

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce,

727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Petitioner's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his arguments. However, the court was able to glean one specific objection. Petitioner objects to the Magistrate Judge's recommendation that Mingo's claim be dismissed as moot.

Petitioner asserts that as long as the BOP's rule is in place, then Petitioner's claim cannot be moot. (Obj. 7, DE 31). However, pursuant to Article III, Section 2 of the United States Constitution, a federal court may adjudicate only live cases or controversies. See <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990); <u>Nakell v. Attorney General of North Carolina</u>, 15 F.3d 319, 322 (4th Cir. 1994). As the Supreme Court observed in <u>Spencer v. Kemna</u>, "mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." 523 U.S. 1, 18 (1998). To maintain a court's jurisdiction, "it is not enough that a dispute was very much alive when suit was filed." <u>Lewis</u>, 494 U.S. at 477. Rather, "'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975) (quoting <u>Steffel v. Thompson</u>, 415 U.S. 452, 459 n.10 (1974)).

Here, Petitioner's claim is moot because his GCT credits have already been recalculated under the First Step Act. It is well-settled in the Fourth Circuit that "one such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the

claim." Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (citing Broughton v. North Carolina, 717 F.2d 147, 149 (4th Cir. 1983) (per curiam)).

The BOP inmate locator originally indicated that Petitioner's projected release date was February 15, 2027. During the pendency of this action, however, Petitioner's sentence computation was updated, and his GCT was recalculated pursuant to the First Step Act. His new projected release date, with consideration for GCT, is September 30, 2026. Inmate Locator, https://www.bop.gov/inmateloc/(Find By Name: Kemuel Mingo) (last visited January 29, 2021). As Petitioner's GCT credit has been recalculated under the provisions of the First Step Act, this case is moot. See Villa v. FCI Gilmer, Warden, No. 5:19CV207, 2019 WL 5792650, at *1 (N.D.W. Va. Oct. 16, 2019), report and recommendation adopted, No. 5:19CV207, 2019 WL 5790976 (N.D.W. Va. Nov. 6, 2019)(recalculation of good conduct time pursuant to First Step Act rendered moot habeas challenge seeking emergency recalculation of time credit).

Petitioner argues that his claim is not moot because he is also seeking immediate release from the BOP or transfer to a Residential Re-Entry Center (RRC) or a halfway house. (DE 1-1 at p. 6; DE 16 at pp. 12–13.) He seeks these remedies as "protective measures that will restrain the BOP from resorting back to their old way of doing things or any vindictive act, once this action closes." (DE 16 at p 13.) However, this Court does not have authority to provide the requested relief.

As to Petitioner's request for immediate release, even with consideration for GCT under the First Step Act, Petitioner's new projected release date is September 30, 2026. Thus, the credit he is afforded does not entitle him to immediate release. Moreover, to the extent that Petitioner seeks an order mandating his immediate release as some sort of protective measure, "[a] district court reviewing a claim under § 2241 does not have authority to circumvent the established

procedures governing the various forms of release enacted by Congress." Wilson v. Williams, 961 F.3d 829, 838 (6th Cir. 2020).

As Petitioner's GCT credit has been recalculated under the provisions of the First Step Act, his case is moot. See Villar v. FCI Gilmer, Warden, No. 5:19CV207, 2019 WL 5792650, at *1 (N.D.W. Va. Oct. 16, 2019), report and recommendation adopted, No. 5:19CV207, 2019 WL 5790976 (N.D.W. Va. Nov. 6, 2019) (recalculation of good conduct time pursuant to First Step Act rendered moot habeas challenge seeking emergency recalculation of time credit).

Consequently, the Court grants Respondent's Motion to Dismiss. Moreover, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Cherry's Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Respondent's Motion to Dismiss is granted.

It is further **ORDERED** that Petitioner's Petition for a Writ for Habeas Corpus be dismissed.

**IT IS SO ORDERED.**

                                                    s/Joseph Dawson, III
                                                    United States District Judge

February 1, 2021
Greenville, South Carolina